E-FILED
Friday, 11 December, 2020  10:37:14 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| JANET VOGEL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.   2:20-cv-02129 |
| | ) | |
| v. | ) | Judge Colin S. Bruce |
| | ) | |
| ACCOLADE HEALTHCARE OF THE | ) | Mag. Judge Eric I. Long |
| HEARTLAND, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiff Janet Vogel ("Plaintiff"), through her attorneys, for her First Amended Complaint against Defendant Accolade Healthcare of the Heartland, LLC ("Defendant"), states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1.      This is an action for damages caused by Defendant's interference with Plaintiff's rights, in violation of the Family and Medical Leave Act of 1993 (hereinafter "FMLA" or the "Act"), 29 U.S.C. § 2601 *et seq.* and Defendant's breach of contract.

### THE PARTIES

2.      Plaintiff resides in and is domiciled in Rantoul, Illinois.

3.      Defendant is an Illinois corporation, and its principal office is located in Paxton, Illinois, within this judicial district.

4.      Plaintiff worked at Defendant's nursing home facility located at 1001 E. Pells St., Paxton, IL 60957.

5.      Plaintiff was an "eligible employee," as defined in the FMLA, 29 U.S.C. §2611(2).

6.      Plaintiff worked for Heartland Employment Services, LLC ("Heartland") for at least 12 months prior to requesting FMLA leave.

7.      At the time Plaintiff's request for FMLA was granted, Heartland employed at least 50 employees within 75 miles of the nursing home facility located at 1001 E. Pells St., Paxton, IL 60957.

8.      Defendant employs at least 50 employees within 75 miles of the nursing home facility located at 1001 E. Pells St., Paxton, IL 60957. Defendant was Plaintiff's "employer," as defined in the FMLA, 29 U.S.C. §2611(4)(A)(ii)(II).

9.      The term "employer" includes "any successor in interest of an employer." 29 U.S.C. § 2611(4)(A)(ii)(II).

10.     Defendant is a successor in interest to Heartland for the purposes of the FMLA, pursuant to 29 U.S.C. § 2611(4)(A)(ii)(II), and 29 C.F.R. §825.107.

**JURISDICTION AND VENUE**

11.     This Court has jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. §1331 and 29 U.S.C. §2617(a)(2).

12.     This Court has supplemental jurisdiction over Plaintiff's breach of contract claim pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in this Court, as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**FACTUAL ALLEGATIONS**

14.     Upon information and belief, Defendant purchased the nursing home facility located at 1001 E. Pells St., Paxton, IL 60957 from Heartland Employment Services, LLC ("Heartland") in October 2018.

15.     Heartland and Defendant entered into an operations transfer agreement ("OTA").

16.     Defendant agreed to offer positions of employment to all employees of Heartland to provide continuation of employment for the employees of the Paxton nursing home facility.

17.      The OTA provides as follows:

At least three (3) business days preceding the Closing Date, New Operator shall offer to employ after the Closing Date all the employees of the Facility, on substantially the same terms, in a comparable position, and at substantially the same base salary and Benefits as such employee enjoyed with the Facility immediately prior to the Closing Date. Effective as of the Effective Closing Date, New Operator will retain and hire the Hired Employees, will recognize for each Hired Employee his or her original hire date and will continue to employ each such Hired Employee for a period of no less than ninety (90) days following the Closing Date.

18.     Heartland ceased operating a skilled nursing and rehabilitation center at 1001 E. Pells St. in Paxton, Illinois on approximately October 17, 2018.

19.     Defendant assumed operation of the skilled nursing and rehabilitation center located at 1001 E. Pells St. in Paxton, Illinois on approximately October 17, 2018.

20.     Defendant acquired assets belonging to Heartland, including equipment, patient accounts and the facility nursing home.

21.     Upon information and belief, Defendant acquired substantially all of the assets belonging to Heartland.

22.     Defendant retained all of Heartland's staff when it began operating in October 2018.[1]

23.     Defendant hired Holly Faulkner.

24.     Defendant hired Holly Faulkner to work in its Human Resources department.

25.     Holly Faulkner was formerly employed as a Human Resources Director for

---

[1] https://www.fordcountyrecord.com/news/accolade-closes-paxton-nursing-home-buys-another/article_d1e61558-228f-552e-988c-bd49457c5022.html (last visited May 15,2020).

Heartland.

26.     Defendant hired Tracey Carleton.

27.     Defendant hired Tracey Carleton to work as an office manager.

28.     Tracey Carleton was formerly employed as a supervisor for Heartland.

29.     There was a substantial continuity between the workforce Defendant employed at the Paxton nursing home facility and the workforce Heartland employed at the Paxton nursing home facility.

30.     Plaintiff handled payroll, accounts payable and had receptionist duties at the Heartland of Paxton location.

31.     Plaintiff began working for Heartland in December of 1998.

32.     On approximately July 27, 2018, Plaintiff requested and was granted an FMLA leave of absence for the period between August 13, 2018 and November 2, 2018, so she could undergo a bilateral knee replacement.

33.     Plaintiff notified Human Resources Director Holly Faulkner and her Supervisor Tracey Carleton of her bilateral knee replacement operation and her need for an FMLA leave of absence.

34.     Plaintiff requested to use vacation days on August 9, 2018 and August 10, 2018.

35.     Heartland granted Plaintiff's request to use vacation days on August 9, 2018 and August 10, 2018.

36.     Plaintiff's bilateral knee replacement qualified as a "serious health condition," as defined in the FMLA, 29 U.S.C. § 2611(11).

37.     Plaintiff worked at least 1,250 hours for Heartland in 2017.

38.     Plaintiff worked at least 1,250 hours for Heartland in 2018.

39.     Plaintiff worked at least 1,250 hours during the twelve months immediately preceding her bilateral knee replacement.

40.     Under the FMLA, Plaintiff was entitled to a total of twelve workweeks of leave during any 12-month period to care for herself. 29 U.S.C. § 2612(a)(1)(D).

41.     Plaintiff commenced her FMLA leave of absence on August 13, 2018.

42.     Holly Faulkner filled out Plaintiff's Disability Claim form on September 7, 2018 indicating Plaintiff was expected to return to work on November 5, 2018.

43.     Holly Faulkner affirmed on the Disability Claim form that she had discussed the November 5, 2018 return to work date with Plaintiff.  See Ex. A.

44.     In approximately October 2018, Plaintiff provided copies of her driver's license and social security card to Holly Faulkner.

45.     In approximately October 2018, Defendant requested that Plaintiff be fingerprinted.

46.     Plaintiff was fingerprinted at Defendant's request.

47.     In October 2018, Defendant sent Plaintiff an email welcoming her to Accolade and requesting she complete onboarding paperwork.

48.     Plaintiff completed Defendant's onboarding paperwork in October 2018.

49.     Plaintiff set up her Accolade Paycor account in October 2018.

50.     At the end of October 2018, Plaintiff contacted Holly Faulkner to inform them that she was released to return to work on November 5, 2018.

51.     Plaintiff attempted to return to work on November 5, 2018.

52.     On November 5, 2018, Plaintiff reported to the nursing home facility located at 1001 E. Pells St. in Paxton, Illinois to work.

53.     Defendant did not allow Plaintiff to return to work on November 5, 2018.

54.     Holly Faulkner informed Plaintiff that she was not allowed to return to work.

55.     Holly Faulkner instructed Plaintiff to go home and wait for a call from Defendant.

56.     Holly Faulkner texted Plaintiff on November 6, 2018 and requested Plaintiff meet with her in the office on November 7, 2018.

57.     On November 7, 2018, Plaintiff met in person with Kim Colbrook, Holly Faulkner and Defendant's Human Resources Director Diana Tolley at the nursing home facility located at 1001 E. Pells St. in Paxton, Illinois.

58.     During this meeting, Defendant informed Plaintiff that Defendant would not reinstate her to her prior position.

59.     Defendant's Human Resources Director Diane Tolley offered Plaintiff a job in housekeeping.

60.     Plaintiff told Kim Colbrook, Holly Faulkner and Diana Tolley that she would take the housekeeping job.

61.     Kim Colbrook, Holly Faulkner and Diana Tolley expressed surprise that Plaintiff would be interested in the housekeeping job.

62.     Kim Colbrook told Holly Faulkner to put Plaintiff on the schedule so she could start the housekeeping job on Monday.

63.     At the conclusion of the meeting, Kim Colbrook, Holly Faulkner and Diana Tolley told Plaintiff they would get her the schedule so Plaintiff could start work as a housekeeper.

64.     Defendant never put Plaintiff on the schedule.

65.     Defendant never returned Plaintiff to work.

6

66.    Defendant did not restore Plaintiff to her original job or an equivalent position.

67.    Defendant did not offer to employ Plaintiff on substantially the same terms, in a comparable position, and at substantially the same base salary and Benefits as Plaintiff enjoyed with Heartland immediately prior to the closing of Defendant's acquisition of the Paxton facility.

68.    Heartland could not have restored Plaintiff to her original job or an equivalent position because it was no longer operating the nursing home facility located at 1001 E. Pells St. in Paxton, Illinois at the time Plaintiff returned from FMLA leave.

69.    The housekeeping position offered to Plaintiff did not involve the same or substantially similar duties and responsibilities as those she had when she handled payroll, accounts payable and had receptionist duties.

70.    The housekeeping position did not entail substantially equivalent skill, effort, responsibility or authority as that of her original position.

71.    Defendant terminated Plaintiff's employment.

### COUNT I
### Violation of the Family Medical Leave Act
### (Interference Claim)

Plaintiff repeats and realleges paragraphs 1 through 71 as if fully set forth herein.

72.    This count arises from Defendant's violation of the Family Medical Leave Act, 29 U.S.C. §2601, *et seq*.

73.    Plaintiff was entitled to twelve weeks of leave during any 12-month period under the FMLA because she had "a serious health condition" that made her unable "to perform the functions of" her position.  29 U.S.C. §2612(a)(1)(D).

74.    Plaintiff provided Defendant sufficient notice of her intent to take leave.

75.    Defendant violated the FMLA by failing to restore Plaintiff to her prior position. 29 C.F.R. § 825.300(c).

76.    Defendant's termination of Plaintiff's employment violated the FMLA.

77.    Defendant interfered with Plaintiff's rights under the FMLA and denied her benefits under the Act to which she was entitled to in violation of the FMLA, 29 U.S.C. §2615.

78.    Defendant's aforementioned actions constitute willful violations of the FMLA.

79.    As a direct and proximate result of the aforementioned actions, Plaintiff has suffered and continues to suffer loss of income and other employee benefits and has been required to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.    Declaring that Defendant is a successor of Heartland Employment Services, LLC;

B.    Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

C.    Enjoining and permanently restraining these violations of the FMLA;

D.    Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

E.    Awarding Plaintiff front pay;

F.    Awarding Plaintiff interest on any compensation denied or lost to her because of Defendant's unlawful acts;

G.    Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

H.    Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

I.    Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

**COUNT II**
**Violation of the Family Medical Leave Act**
**(Retaliation Claim)**

Plaintiff repeats and realleges paragraphs 1 through 79 as if fully set forth herein.

80.     This count arises from Defendant's violation of the Family Medical Leave Act, 29

U.S.C. §2601, *et seq*.

81.     In retaliation for exercising her rights under the FMLA, Defendant subjected

Plaintiff to unlawful employment practices, including, but not limited to, failing to restore

Plaintiff to her prior position and terminating her employment.

82.     Plaintiff would not have been terminated if she did not take FMLA leave.

83.     Defendant's aforementioned actions constitute willful violations of the FMLA.

84.     As a direct and proximate result of the aforementioned actions, Plaintiff has

suffered and continues to suffer loss of income and other employee benefits and has been

required to retain an attorney to litigate this matter.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.     Declaring that Defendant is a successor of Heartland Employment Services, LLC;

B.     Declaring that the acts and practices by Defendant as described herein constitute a violation of the FMLA;

C.     Enjoining and permanently restraining these violations of the FMLA;

D.     Awarding Plaintiff back wages and lost benefits due to Defendant's violations of the FMLA;

E.     Awarding Plaintiff front pay;

F.     Awarding Plaintiff interest on any compensation denied or lost to her because of Defendant's unlawful acts;

G.     Awarding Plaintiff liquidated damages in an additional amount equal to the sum of the actual damages and interest pursuant to 29 U.S.C. § 2617(a)(1)(A);

9

H.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action; and

I.      Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

## COUNT III
### Breach of Contract

Plaintiff repeats and realleges paragraphs 1 through 84 as if fully set forth herein.

85.     This count arises from Defendant's breach of the OTA.

86.     The OTA is a binding contract between Heartland and Defendant.

87.     The OTA was intended to benefit Heartland's employees at the Paxton facility, including Plaintiff.  Specifically, the parties to the OTA intended to confer on Heartland's employees the benefit of an offer to employ Heartland's employees on substantially the same terms, in a comparable position, and at substantially the same base salary and Benefits as the employees enjoyed with Heartland immediately prior to the closing of Defendant's acquisition of the Paxton facility.

88.     Defendant breached the OTA by failing to offer to employ Plaintiff on substantially the same terms, in a comparable position, and at substantially the same base salary and Benefits as Plaintiff enjoyed with Heartland immediately prior to the closing of Defendant's acquisition of the Paxton facility.

89.     Plaintiff is an intended third-party beneficiary of the OTA.

90.     As a direct and proximate result of Defendant's breach of the OTA, Plaintiff suffered harm, including but not limited to lost earnings, lost benefits, and other financial loss, as well as emotional distress and mental anguish.

WHEREFORE, Plaintiff prays for a judgment against Defendant as follows:

A.      All recoverable compensatory and other damages sustained by the Plaintiff and all other relief allowed under applicable law;

B.      Both pre-judgment and post-judgment interest on any amounts awarded;

C.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action as may be allowable under applicable law;

D.      Awarding Plaintiff such further and additional relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by Jury.

Dated:  December 8, 2020

Respectfully submitted,

s/Maureen A. Salas
One of the Attorneys for Plaintiff

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
**WERMAN SALAS P.C.**
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008