IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JANET VOGEL<br><br>    Plaintiff,<br><br>    v.<br><br>ACCOLADE HEALTHCARE OF THE HEARTLAND, LLC<br><br>    Defendant/Third Party Plaintiff,<br><br>    v.<br><br>HEARTLAND OF PAXTON IL, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC and HCR MANOR CARE,<br><br>    Third Party Defendant. | Case No.: 20-CV-02129<br><br>Judge Colin S. Bruce<br><br>Magistrate Judge Eric I. Long |

## THIRD PARTY COMPLAINT FOR CONTRIBUTION AND INDEMNIFICATION

NOW COMES Defendant/Third-Party Plaintiff, ACCOLADE HEALTHCARE OF THE HEARTLAND, LLC ("Accolade") by and through its attorneys, Schueler, Dallavo & Casieri, and states for its Third Party Complaint for Contribution against HEARTLAND OF PAXTON IL, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC and HCR MANOR CARE ("Third Party Defendants") as follows:

1. Plaintiff, JANET VOGEL filed a complaint against Defendant ACCOLADE HEALTHCARE OF THE HEARTLAND, LLC ("ACCOLADE") alleging that Accolade violated her rights under the Family and Medical Leave Act for interference (Count I) and retaliation (Count II).

2. Accolade timely filed its appearance and answer denying all allegations of FMLA violations of interference or retaliation.

3. The deadline to file amended pleadings or to join additional parties is December 11, 2020.

4. On December 10, 2020, Plaintiff timely filed a Motion for Leave to File an Amended Complaint against Accolade to include a third claim of breach of contract.

5. Plaintiff's Amended Complaint alleges that she is a third party beneficiary to an Operations Transfer Agreement ("OTA") between Defendant Accolade and Third Party Defendant Heartland of Paxton IL, LLC.

6. Plaintiff alleges that the OTA required that Defendant Accolade offer employment to all employees of Heartland Employment Services, LLC ("Heartland") as part of the transfer of operations at the facility located at 1001 E. Pells St., Paxton, IL 60957 where Plaintiff had worked prior to her FMLA leave of absence.

7. Plaintiff was employed by Heartland prior to her FMLA leave of absence.

8. Plaintiff's Amended Complaint alleges that the OTA was intended to benefit Plaintiff by requiring that Accolade offer employment to her upon the transfer of operations.

9. Plaintiff commenced her leave under the FMLA on or about August 10, 2018 while she was an employee of Heartland.

10. Third Party Defendant Heartland filled Plaintiff's position during her FMLA leave by hiring Haylee Heisler on August 13, 2018.

11. Defendant Accolade assumed the operations of the facility from Third Party Defendant Heartland of Paxton IL, LLC on or about October 17, 2018.

12. Defendant Accolade was required under the OTA to offer employment to Ms. Heisler on October 17, 2018.

13. Plaintiff notified Defendant Accolade of her completion of FMLA leave on or about November 5, 2018.

14. Plaintiff's Amended Complaint alleges that Defendant Accolade breached the OTA by failing to offer her the same or a substantially similar position upon Accolade's acquisition of the Heartland facility.

15. Heartland's actions interfered with Defendant's obligations under the OTA and contributed to any alleged breach of the OTA between them.

16. Plaintiff's further alleges that she suffered harm from Defendant Accolade's alleged breach of the OTA.

17. Under the OTA, Heartland is responsible for claims which occurred prior to the transfer date.

18. Because the allegations raised in Plaintiff's Amended Complaint stem from events which were caused by Heartland prior to the transfer date, Heartland has a duty to indemnify Accolade against Plaintiff's complaint or otherwise contribute to any damages awarded to Plaintiff.

19. In the event that Defendant Accolade is found liable for any breach of the OTA with respect to Plaintiff as a third party beneficiary, which Accolade specifically denies, such breach is a direct and proximate result of the acts of Defendants HEARTLAND OF PAXTON IL, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC and HCR MANOR CARE.

20. If Plaintiff succeeds in obtaining judgment or recovery from Accolade, then Accolade is entitled to contribution from HEARTLAND OF PAXTON IL, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC and HCR MANOR CARE for that portion of Plaintiff's damages caused by the acts or omissions of the Third Party Defendants.

WHEREFORE, Defendant ACCOLADE HEALTHCARE OF THE HEARTLAND, LLC prays for judgment in its favor and against Third Party Defendants HEARTLAND OF PAXTON IL, LLC, HEARTLAND EMPLOYMENT SERVICES, LLC and HCR MANOR CARE in the same amount, plus interest and costs plus any other award this Court deems just and proper.

Dated: December 11, 2020

                                                         Respectfully submitted:

                                                         **ACCOLADE HEALTHCARE OF THE HEARTLAND, LLC**

BY: _/s/ Stephanie A. Cantrell_
                                                         Stephanie A. Cantrell
                                                         Its attorney

Stephanie A. Cantrell
Schueler, Dallavo & Casieri
233 South Wacker Drive, Suite 5230,
Chicago, Illinois 60606
(312) 831-1090
stephanie.cantrell1@sdc-atty.com
Attorney No: 6228963